WESTINGHOUSE AIR BRAKE CO. et al. v. NEW YORK AIR BRAKE CO.

(Circuit Court, S. D. New York. July 19, 1905.)

No. 4,977.

PATENTS—SUIT FOR INFRINGEMENT—COSTS.

Where the final decree in a suit for infringement entered after an accounting before a master, awarded to complainant substantial damages and the costs and disbursements on the accounting, but on appeal the damages were reduced to a nominal sum because the situation was such that the profits realized by defendant from the sale of the infringing device alone could not be computed, and the mandate allows the costs of appeal, but is silent as to the costs below, the trial court, in entering decree on the mandate, will not change its prior decree as to such costs.

In Equity. In re final decree after mandate.

Betts, Betts, Sheffield & Betts, for complainant.

Richardson, Herrick & Neave, for defendant.

PLATT, District Judge. The final decree provided for the payment by the defendant of a substantial sum in damages, and also of the costs and disbursements on accounting, which were taxed at $1,850.30. That decree was taken to the Circuit Court of Appeals upon writs of error entered by both parties, the plaintiff, asking that the amount of damages awarded should be increased, and the defendant asking that the damages should be reduced to nominal, and that the costs and disbursements on accounting should not be allowed. The defendant succeeded on the main contention, and the

mandate of the Circuit Court of Appeals orders the damages to be reduced to six cents, awards the defendant the costs on appeal, and stands mute on the matter of costs in the Circuit Court.

We are not concerned with the question of what action would have been proper if the master on the accounting, or the court on the master's report, had found nominal damages only. Even in such a case Judge Phillips in Kansas City Hay Press Co. v. Devol (C. C.) 127 Fed. 363–370, divided the costs equally. In Keystone Mfg. Co. v. Adams, 151 U. S. 139, 14 Sup. Ct. 295, 38 L. Ed. 103, the Supreme Court recognizes the propriety of compelling the defendant to pay costs on the accounting, although the appellate court has reduced the damages from substantial to nominal. In the case at bar the defendant has undoubtedly benefited by the infringement, although the situation was such that the profits resulting from the infringing device alone could not be computed. The Circuit Court of Appeals had this question before it on error and remained silent. It is perhaps fair to assume that this one ewe lamb of the plaintiff's was left alive intentionally. It was easy to apply the knife in set terms, if the court had wished to do so. It would not be a wise exercise of the chancellor's discretion to destroy the last vestige of life in plaintiff's case, without mandate therefor, and then proceed to mulct the plaintiff in the costs and disbursements of the accounting. It was a fair fight, and I can see no reason why the necessary costs should not follow the nominal judgment, reduced, of course, by the amount of taxable costs in the appellate court.

Let a decree be entered in accordance with the mandate as thus interpreted.